## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

BRANDON STODGHILL,

    Plaintiff,

  v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

    Defendant.

CIVIL ACTION NO.: 5:20-cv-65

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff contests the decision of Administrative Law Judge John R. Mason ("the ALJ" or

"ALJ Mason") denying his claim for Disability Insurance Benefits and Supplemental Security

Income.  Plaintiff urges the Court to reverse the ALJ's decision.  Docs. 16, 20.  Defendant asserts

the Commissioner's decision should be affirmed.  Doc. 18.  For the reasons which follow, I

**RECOMMEND** the Court **AFFIRM** the Commissioner's decision.  I also **RECOMMEND** the

Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal.

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security

Income on November 4, 2016, alleging an onset date of November 15, 2014.  R. 59.[1]  On June

---

[1]  A transcript of the entire proceedings before the Social Security Administration appears at
Document Numbers 13-1 through 13-8.  Although the transcript is broken into multiple PDF documents,
each with its own CM/ECF docketing number, the transcript bears individual page numbers that run
sequentially through the entire transcript.  Record citations in this Report (identified with "R.") are to the
individual transcript page numbers.  For efficiency, no reference to the CM/ECF docketing number or the
respective PDF page numbers is provided here.

20, 2019, ALJ Mason held a hearing at which Plaintiff, who was represented by counsel, appeared and testified.  Id.  Kenneth Bennett, a vocational expert, also appeared at the hearing. Id.  ALJ Mason denied Plaintiff's claim for disability after the hearing in a decision issued on August 19, 2019.  R. 59–74.  The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1.

Plaintiff, born on February 26, 1984, was 30 years old at the time of the alleged onset date and 35 years old at the time of the ALJ's decision in 2019.  R. 68, 350.  He completed 10th grade, but did not graduate or obtain a GED, and has past relevant work experience as a plumber, welder, installer, and sign repairer.  R. 67, 377.

## DISCUSSION

I.    **The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform his past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite his impairments." Stone, 503 F. App'x at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142. Moreover, even if a claimant is found disabled, he or she is not eligible for benefits if alcoholism

or drug addiction is a contributing factor material to the determination of disability.  See

Doughty v. Apfel, 245 F.3d 1274, 1278–79 (11th Cir. 2001).

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in

substantial gainful activity since his alleged onset date, November 15, 2014.  R. 62.  At step two,

ALJ Mason determined Plaintiff has the following severe impairments: alcohol dependence;

drug dependence; depressive disorder; generalized anxiety disorder; and bipolar disorder.  Id.

However, at the third step, the ALJ determined Plaintiff's impairment or combination of

impairments did not need or medically equally the severity of a listed impairment.  R. 62–63.

The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform a full range of

work at all exertional levels with the following non-exertional limitations: a low stress work

environment without the pressures of hourly piecework production quotas; a stable work

environment with few changes to routine and those changes introduced through supervisors; he

cannot work with the public; and he would be off-task 25 percent of the workday.  R. 64.  At the

next step, the ALJ noted Plaintiff is unable to perform any past relevant work.  R. 67.  The ALJ

determined, considering Plaintiff's age, education, work experience, and RFC, and based on all

the impairments, including the substance use disorders, there are no jobs existing in significant

numbers in the national economy Plaintiff could perform.  R. 68.

The ALJ next found if Plaintiff stopped the substance use, his remaining impairments

would still be severe but would not meet a Listing.  R. 69.  Further, if Plaintiff stopped the

substance use, he would have the RFC to perform a full range of work at all exertional levels

with the following non-exertional limitations: a low-stress work environment without the

pressures of hourly piecework production quotas; a stable work environment with few changes to

routine and those changes introduced through supervisors; and he cannot work with the public.

R. 70.  ALJ Mason determined even if Plaintiff stopped the substance use, he would not be able

to perform past relevant work; however, Plaintiff could perform jobs such as counter supply

worker, housecleaner, and machine packer, all of which exist in significant numbers in the

national economy.  R. 72–73.  As a result, the ALJ concluded Plaintiff has not been disabled at

any time since the date his application was filed, through the date of the ALJ's decision.  R. 73.

## II.     Issue Presented

Plaintiff asserts the ALJ erred because: (1) his finding Plaintiff's substance use was

material to the determination of disability was not supported by substantial evidence; (2) his RFC

analysis is not supported by substantial evidence; and (3) he did not explain his decision to

assign partial weight to a consulting examiner's medical opinion and it is not supported by

substantial evidence.[2]  Doc. 16.

## III.    Standard of Review

It is well-established judicial review of social security cases is limited to questions of

whether the Commissioner's factual findings are supported by "substantial evidence" and

whether the Commissioner has applied appropriate legal standards.  Cornelius v. Sullivan, 936

F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A

reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for

---

[2]      Plaintiff filed a Notice of Supplemental Authority, which points to Collins v. Yellen, 141 S. Ct. 1761 (2021), and includes an Office of Legal Counsel Memorandum concerning the constitutionality of statutory restrictions on the President's ability to remove the Social Security Administration Commissioner from that position.  Doc. 21; Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (July 8, 2021).  Plaintiff states this authority bears on "the constitutionality of the Commissioner's decision" in this case.  It is unclear why Plaintiff filed this Notice of Supplemental Authority.  Neither party raised any issue concerning the constitutionality of the Commissioner's appointment or decision in the briefing.  Plaintiff's Notice fails to take any position or advance any argument, simply observing the authority is related to the constitutionality of the Commissioner's decision.  Having reviewed the provided authority, I cannot discern how the authority is germane to any of the issues presented in this case.  Accordingly, I do not address Plaintiff's Notice of Supplemental Authority any further.

that of the Commissioner.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV.   Whether the ALJ's Finding Regarding the Materiality of Substance Use Is Supported by Substantial Evidence

The ALJ found if Plaintiff stopped using substances, he would have an RFC allowing him to perform other jobs existing in significant numbers in the national economy and, therefore, would not be disabled.  R. 70–73.  Thus, Plaintiff's substance use disorder was a material factor

in the determination of disability.  Plaintiff argues this determination is not supported by substantial evidence.  Doc. 16 at 14.

A.      **Legal Standard**

A finding of disability is precluded if drug or alcohol abuse would be a contributing factor that is material to a determination a claimant is disabled.  See 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; Doughty, 245 F.3d at 1275 (11th Cir. 2001).  That is, in cases where a claimant is found disabled, but there is also a determination of substance abuse, the ALJ "must determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).  The ALJ is required to determine which of Plaintiff's physical and mental limitations supporting the original disability determination would remain absent drug or alcohol use.  20 C.F.R. §§ 404.1535(b)(3), 416.935(b)(3).  If Plaintiff would no longer be disabled if he stopped using drugs or alcohol, then the substance abuse is considered a "contributing factor material to the determination of [his] disability," and he has failed to meet his burden of showing he is disabled.  20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i); 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); Doughty, 245 F.3d at 1275–76, 1280–81.

Put differently, in the face of substance abuse, the ALJ evaluates what capabilities would remain in its absence.  Deters v. Comm'r of Soc. Sec., 301 F. App'x 886, 888 (11th Cir. 2008).  "If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied."  Green v. Colvin, No. CV 413-049, 2014 WL 1379969, at *1 (S.D. Ga. Apr. 8, 2014) (citing Phillips v. Colvin, No. EDCV 12-538, 2014 WL 1246342, at *3 (C.D. Cal. Mar. 24, 2014)).

### B.      Analysis

The ALJ found, in the absence of substance use, Plaintiff would have an RFC allowing him to perform jobs existing in significant numbers in the national economy.  R. 70–73.  Plaintiff argues the ALJ's conclusion that Plaintiff would not be disabled in the absence of his substance use is not supported by substantial evidence.  Doc. 16 at 14–16.  Specifically, Plaintiff argues the ALJ's conclusion Plaintiff's medical records show minimal treatment for mental health symptoms is inconsistent with his other findings.  Id.  Further, Plaintiff argues the record does not support the ALJ's determination his mental disorders would improve to the point of non-disability in the absence of substance use.  Doc. 16 at 15–16; Doc. 20 at 1–2.

Defendant contends ALJ Mason's findings are supported by substantial evidence.  Doc. 18 at 6–7.  Specifically, Defendant argues the ALJ properly relied on treatment notes from when Plaintiff was sober, found Plaintiff reports improvement while sober, and contrasted Plaintiff's records from periods of when he was sober and when he was not in making the determination about the materiality of Plaintiff's substance abuse.  Id.

Plaintiff has several mental impairments—depressive disorder, generalized anxiety disorder, and bipolar disorder—which the ALJ found would continue to be severe impairments, even in the absence of substance use and would have more than minimal limitation on his ability to perform basic work activities.  R. 69.  But, the ALJ decided the mental impairments, absent substance use, are not severe enough for a disability determination.  Id.  The ALJ found Plaintiff would have only moderate limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing

oneself.[3]  Id.  Thus, Plaintiff would not be disabled because he did not have at least one extreme

limitation or two marked limitations.  R. 70.

      Plaintiff argues the ALJ's finding Plaintiff had a minimal history of medication treatment

for mental health symptoms is inconsistent with his other findings.  Doc. 16 at 14.  Specifically,

Plaintiff contends this conclusion is inconsistent with a finding he has severe impairments, would

continue to have more than minimal limitations due to these impairments, and his symptoms

would persist in the absence of ongoing substance use.  Id. at 14–15.  However, there does not

appear to be any inconsistency between ALJ Mason's observation regarding Plaintiff's minimal

history of medication treatment for his mental health symptoms and his other findings.  That

Plaintiff has a severe impairment or other limitations absent substance abuse can be consistent

with his lack of medication history, as an individual may still be impaired regardless of whether

he is receiving medication.  Plaintiff has not shown the ALJ's finding of a moderate limitation in

the relevant areas, given Plaintiff's minimal history of medication treatment, is incorrect or not

supported by substantial evidence.

      Plaintiff also argues the ALJ's decision about the materiality of his substance use is not

supported by substantial evidence because there is evidence in the record showing Plaintiff

continued to have persistent mental health symptoms during a period of sobriety.  Doc. 16 at 15–

16.  This argument is also unpersuasive.  ALJ Mason considered and discussed Plaintiff's

symptoms during his period of sobriety from June 2018 to April 2019.  R. 71.  The ALJ also

considered Plaintiff's testimony about the severity of his symptoms while he was sober but found

his testimony not consistent with other evidence in the record.  Id.  The ALJ supported this

---

[3]     To be clear, the ALJ concluded *with* substance abuse Plaintiff had marked limitation in the area
of concentrating, persisting, and maintaining pace.  R. 63.

conclusion by pointing to medical records where Plaintiff reported "doing well" during periods of sobriety, Plaintiff was well-oriented with grossly intact memory, was alert, exhibited good insight and logical thought process, and Plaintiff's reported improvement during his period of sobriety.  R. 71–72 (citing R. 774–928 and R. 1117–27).  ALJ Mason further compared Plaintiff's reports during periods of sobriety—where he showed improvements—and periods of substance abuse—where his mental status examination showed greater mental limitations.  Id. (citing R. 1142–1223 and R. 1225–82).

Though Plaintiff may have a different view of the weight given to this evidence or how ALJ Mason should have interpreted the record, the Court cannot re-weigh the evidence.  Dyer, 395 F.3d at 1210.  Plaintiff does nothing more than point to evidence supporting his position his mental health symptoms persist even absent substance abuse.  However, he fails to show an absence of substantial evidence supporting ALJ Mason's conclusion—that Plaintiff has less limitations, and is not disabled, when he is sober.  Sims v. Comm'r of Soc. Sec., 706 F. App'x 595, 604 (11th Cir. 2018); Blake v. Berryhill, No. 1:17-cv-140, 2018 WL 2422784, at *7–12 (N.D. Fla. May 14, 2018).  Ultimately, substantial evidence supports ALJ Mason's conclusion that Plaintiff's substance use is a contributing factor material to the determination of disability, and Plaintiff's enumeration of error is without merit.

**V.      Whether the ALJ's RFC Determinations Is Supported by Substantial Evidence**

Plaintiff argues ALJ Mason's RFC determination, including the ALJ's determinations regarding Plaintiff's mental limitations, are not supported by substantial evidence.  Doc. 16 at 16–20; Doc. 20.  Defendant argues substantial evidence supports ALJ Mason's RFC determination.  Doc. 18 at 7–12.

### A.      Legal Standard

Social Security Regulations outline a five-step, sequential evaluation process to determine whether an individual is disabled.  See 20 C.F.R. § 404.1520(a)(4).  At step four, the ALJ must evaluate whether the individual has the RFC to perform past relevant work.  Rodriguez v. Berryhill, 836 F. App'x 797, 805–06 (11th Cir. 2020) (citing Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing Regulations)).  The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments."  Id. (citing Phillips, 357 F.3d at 1238).  The ALJ considers all the record evidence in making the determination of the individual's RFC.  Id.; see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment, we will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").  An ALJ's RFC assessment must also be supported by substantial evidence, but the Court is not permitted to re-weigh the evidence or substitute its own judgment for that of the Commissioner.  See Borges v. Comm'r of Soc. Sec., 771 F. App'x 878, 882 (11th Cir. 2019) ("To the extent that Borges points to other evidence that would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of this Court's appellate review, which precludes it from re-weighing the evidence or substituting its own judgment for that of the Commissioner.").

### B.      Analysis

Plaintiff argues the ALJ did not explain changes in Plaintiff's RFC limitations—namely, that Plaintiff would no longer be off-task 25 percent of the workday if he discontinued substance use.  Plaintiff asserts ALJ Mason's determinations on his mental limitations are not supported by

substantial evidence and, therefore, ALJ Mason's RFC did not properly account for his mental limitations.

The ALJ concluded Plaintiff would be off-task 25 percent of the workday when considering Plaintiff's RFC while abusing substances. R. 64. However, the ALJ found if Plaintiff stopped the substance use, his RFC no longer needed to include a limitation for being off-task 25 percent of the workday. R. 70. Plaintiff contends the ALJ needs to explain the reason for the change in his RFC. However, the ALJ does provide an explanation—Plaintiff's substance use. The ALJ explicitly stated Plaintiff would be off-task 25 percent of the workday due to his substance use. R. 65. Then, the ALJ determined if Plaintiff stopped his substance use, he would no longer be off-task 25 percent of the workday. R. 70. Contrary to Plaintiff's argument, this is not impermissible post-hoc rationalization. Instead, looking solely at the ALJ's findings, the explanation for eliminating the 25 percent off-task limitation is obvious—Plaintiff's lack of substance use.

Plaintiff argues ALJ Mason's RFC determination is not supported by substantial evidence because he does not adequately explain the difference in his findings regarding Plaintiff's mental limitations with or without substance use. Doc. 16 at 17–18. Specifically, Plaintiff contends ALJ Mason does not explain how he determined Plaintiff would have a moderate limitation in concentrating, persisting, or maintaining pace if he stopped using substances, where the ALJ previously found Plaintiff would have a marked limitation.

First, "the ALJ's RFC determination and its validity" is not limited to what the ALJ found regarding the severity of Plaintiff's mental impairments. Carswell v. Saul, CV 119-129, 2020 WL 4049985 at *6 (S.D. Ga. July 20, 2020) (citing 20 C.F.R. §§ 404.1520(a)(4)(ii)–(iii)

and 404.1520a(d); SSR 96-8p).  Thus, the ALJ's findings on Plaintiff's impairments was not an RFC assessment and not determinative.  Id. at *8.

Moreover, the ALJ properly evaluated Plaintiff's mental limitations and considered them in the RFC and substantial evidence supports his findings.  ALJ Mason states Plaintiff has a marked limitation in concentrating, persisting, or maintaining pace currently (i.e., while using substances) because Plaintiff needs reminders to take medication and has difficulty on examination during periods of substance use.  R. 63.  However, the ALJ noted during periods of sobriety, Plaintiff does not exhibit significant difficult on examination, and, thus, his impairment would not be as severe (i.e., moderate instead of marked).  R. 69.  The ALJ adequately explains his findings.  ALJ Mason changes Plaintiff's limitations in this area because of the effect of Plaintiff's substance use as reflected in the record, which shows he has difficulty on examinations while using substances and does not have any significant difficulty on examinations when sober.  Compare R. 63 with R. 69.  Notably, Plaintiff does not challenge the ALJ's determination he has less trouble on examinations when sober.  Thus, substantial evidence supports the ALJ's findings.

Additionally, Plaintiff contends the ALJ does not point to evidence supporting his conclusion Plaintiff would continue to have only moderate limitation in understanding, remembering, or applying information, interacting with others, and adapting or managing oneself if he stopped using substances.  Doc. 16 at 17–18.  However, ALJ Mason explained the record does not show Plaintiff has any problems understanding treatment methods or following directions in taking medication, which supports his finding Plaintiff is no more than moderately limited in this area.  R. 69.  Similarly, ALJ Mason found Plaintiff would have only moderate limitations if he stopped the substance abuse based on the record, including Plaintiff's history of

firings, paranoid thoughts and hallucinations, and reported fear of strangers.  R. 69.  Finally, the ALJ noted Plaintiff has no documented difficulty in maintain personal hygiene and there is no evidence of him reacting poorly to changes in treatments, providers, or during consultive examination, so no more than a moderate limitation is appropriate even if not using substances. R. 69–70.  Thus, the ALJ explained his determination, and his determination is supported by substantial evidence.

Plaintiff's contention the ALJ failed to include limitations relating to Plaintiff's ability to remember, apply, or understand information is also without merit.  Doc. 16 at 18.  Plaintiff's ability to remember, apply, or understand information relates to his ability to learn, recall, and use information to perform work activities.  R. 69.  The ALJ's RFC included a limitation to a stable environment with few changes to routine.  R. 70.  Therefore, the ALJ plainly limited Plaintiff's need to remember, apply, and understand information, as with fewer changes, there is less for Plaintiff to learn or recall and less information Plaintiff must use.  Nickles v. Comm'r of Soc. Sec., No. 8:13-CV-395, 2014 WL 4185342, at *7–8 (M.D. Fla. Aug. 22, 2014) (explaining because ALJ found plaintiff's mental impairments had no more than minimal effect on functional abilities, and ALJ expressly addressed plaintiff's non-severe mental impairments in his RFC assessment, substantial evidence supported ALJ's evaluation of plaintiff's mental limitations).  And, Plaintiff has pointed to nothing to show he is more severely limited than the ALJ concluded.  Santos v. Soc. Sec. Admin., Comm'r, 731 F. App'x 848, 853 (11th Cir. 2018); Carswell, 2020 WL 4049985, at *7 (affirming the ALJ's decision where, among other reasons, plaintiff has not shown he is more limited than what the ALJ concluded).

Finally, Plaintiff criticizes the ALJ for not relying on a medical opinion when making his findings about Plaintiff's mental limitations.  Doc. 16 at 17.  However, there is no requirement an

ALJ support his RFC assessment with medical opinion evidence if an ALJ's findings are supported by relevant evidence in the record.  Borges, 771 F. App'x at 882 (citations omitted); Coppins v. Saul, No. CV4:19-188, 2021 WL 1606472, at *2 (S.D. Ga. Feb. 9, 2021), *report and recommendation adopted*, 2021 WL 1156628 (S.D. Ga. Mar. 26, 2021) ("The ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation.").  Nor is "the ALJ [required] to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [the Court] to conclude that the ALJ considered the claimant's medical condition as a whole."  See Castel v. Comm'r of Soc. Sec., 355 F. App'x 260, 263 (11th Cir. 2009) (quoting Dyer, 395 F.3d at 1211); Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014).  Thus, the undersigned finds no error in ALJ Mason's RFC assessment or the lack of express reliance on a medical opinion.  See Figuera v. Comm'r of Soc. Sec., 819 F. App'x 870, 873 (11th Cir. 2020) (explaining an ALJ's RFC determination will not be disturbed where it is supported by substantial evidence and sufficiently accounts for a claimant's limitations).

**VI.    Whether the ALJ Erred in his Consideration of Dr. Mancil's Opinion**

Plaintiff asserts the ALJ's analysis of Dr. Mancil's opinion regarding Plaintiff's functional assessment is not supported by substantial evidence.  Doc. 16 at 18–19.  ALJ Mason assigned Dr. Mancil's opinion partial weight because Dr. Mancil was unable to perform a complete assessment, as Plaintiff arrived late and left prior to the administration of testing.  R. 72 (citing R. 511–14).  However, Plaintiff argues the ALJ's consideration of Dr. Mancil's opinion "does not indicate what limitations the ALJ found supported or why some limitations therein were not included in the RFC."  Doc. 16 at 18–19.

Essentially, Plaintiff argues ALJ Mason was required to address the specific limitations in Dr. Mancil's report.  In making an RFC determination, the ALJ is charged with the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. See Battle v. Astrue, 243 F. App'x 514, 523 (11th Cir. 2007); Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  However, an ALJ's decision need not address every limitation included in a physician's report if the written decision is clear the ALJ considered both the physician's opinion and the plaintiff's condition as a whole.  Adams v. Comm'r Soc. Sec. Admin., 586 F. App'x 531, 534 (11th Cir. 2014); Figuera, 819 F. App'x at 873.

ALJ Mason plainly considered Dr. Mancil's opinions because he accorded his opinion some weight.  R. 72.  Plaintiff is correct the ALJ did not expressly assess Dr. Mancil's findings about simple one- and two-step instructions or sustained attention for short duration does not undermine the ALJ's findings, but he was not required to do so.  ALJ Mason's RFC analysis provides a limitation that Plaintiff experience few workplace changes and any changes introduced through supervisors.  R. 70.  Thus, the ALJ's RFC analysis addresses the limitations Dr. Mancil found Plaintiff to have in following directions.  Finally, though the ALJ must consider all medical opinions, including Dr. Mancil's, the "final responsibility" for determining Plaintiff's RFC "is reserved to the Commissioner."  20 C.F.R. § 404.1527(d)(2).  Accordingly, Plaintiff's contention regarding Dr. Mancil does not warrant reversal.  Ramazetti v. Comm'r of Soc. Sec., No. 8:15-cv-2872, 2017 WL 695256, at *5 (M.D. Fla. Feb. 22, 2017).

In sum, the ALJ clearly states the reasoning for his findings on Plaintiff's mental limitations, the effect, if any, on his RFC, and assigning Dr. Mancil's opinion only partial weight.  And those findings and conclusions are supported by substantial evidence.  Thus, this

enumeration of error is also without merit.  Accordingly, I **RECOMMEND** the Court **AFFIRM** the ALJ's decision.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **AFFIRMS** the Commissioner's decision.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 7th day of February, 2022.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA