# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

BRANDON STODGHILL,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,

    Defendant.

CIVIL ACTION NO.: 5:20-cv-65

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated February 7, 2022. Dkt. No. 23. In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision. Dkt. No. 22. Specifically, the Magistrate Judge found: (1) the Administrative Law Judge's ("ALJ") decision about the materiality of Plaintiff's substance use is supported by substantial evidence; (2) substantial evidence supports the ALJ's residual capacity function ("RFC") determination; and (3) the ALJ did not err in his consideration of Dr. Mancil's opinion. Id.

In his Objections, Plaintiff sets forth three arguments. First, Plaintiff argues the Magistrate Judge was wrong in his

conclusion the ALJ properly evaluated Dr. Mancil's opinion. Dkt. No. 23 at 1-4. Second, Plaintiff contends the Magistrate Judge's conclusions about Plaintiff's substance use and RFC are incorrect. Id. at 4-7. Finally, Plaintiff argues the Commissioner's final decision denying him benefits was constitutionally defective and remand is required. Id. at 7-13. The Court addresses each argument in turn.

I. **The ALJ's Decision to Discount Dr. Mancil's Opinion Is Supported by Substantial Evidence**

The Magistrate Judge determined the ALJ's decision to discount Dr. Mancil's opinion is supported by substantial evidence. Plaintiff objects to that determination. Dkt. No. 23 at 1-4. Plaintiff states Dr. Mancil opined Plaintiff is limited to simple one- and two-step instructions and can only sustain attention for a short duration, but the ALJ rejected this opinion without explanation.

The Magistrate Judge found the ALJ was not required to provide any additional explanation because he did not reject Dr. Mancil's recommendation. Dkt. No. 22 at 16. Instead, the Magistrate Judge found the ALJ accounted for this limitation in the RFC determination, which limits Plaintiff to few workplace changes and requires any changes to be introduced through supervisors. Id. (citing R. 70).

Plaintiff argues the Magistrate Judge's explanation is an impermissible *post-hoc* rationalization for the ALJ's failure to include a limitation for simple, short instructions. Dkt. No. 23 at 3. This argument is unpersuasive. The Magistrate Judge's determination was based on his review of the ALJ's decision and the record, not an explanation offered by the Commissioner. Indeed, an ALJ's decision need not explicitly address every limitation if his consideration is clear from his report. <u>Adams v. Comm'r Soc. Sec. Admin.</u>, 586 F. App'x 531, 534 (11th Cir. 2014).

The Court agrees the ALJ did not need to expressly address the limitation because the ALJ accounted for Plaintiff's limitations in following directions by including a limit in Plaintiff's RFC concerning few workplace changes, implemented only by supervisors. To the extent Plaintiff argues this limitation accounts for his ability to adapt to changes and supervision in the workplace, he provides no support for that argument. Indeed, this limitation concerns Plaintiff's purported inability to follow complicated directions and his inability to adapt to changes in the workplace.[1]

---

[1]  Notably, Dr. Mancil found Plaintiff could follow simple one- and two-step instructions but did not state Plaintiff could *only* follow simple instructions. R. 513. Dr. Mancil expressed no opinion on Plaintiff's ability to follow more complex instructions. <u>Id.</u>

3

Finally, Dr. Mancil found Plaintiff to have only a mild to moderate limitation in understating and remembering instructions. R. 513. Similarly, the ALJ found Plaintiff to have a moderate limitation in understating, remembering, or applying information. R. 63, 69. Thus, regardless of Dr. Mancil's one- and two-step instruction opinion, substantial evidence supports the ALJ's RFC determination. Accordingly, this Objection is **OVERRULED**.

## II. Substantial Evidence Supports the ALJ's RFC Assessment

In evaluating Plaintiff's RFC, the ALJ concluded Plaintiff is off-task 25% of the time, but if Plaintiff ceased his substance abuse, he would no longer be off task any time. The Magistrate Judge determined the ALJ's RFC assessment is supported by substantial evidence. Plaintiff objects to this determination, arguing the ALJ's assessment is not supported by substantial evidence. Dkt. No. 23 at 4-7.

Plaintiff's argument merely reiterates arguments Plaintiff presented to the Magistrate Judge and which were rejected. Plaintiff's Objection is unpersuasive. The ALJ expressly states Plaintiff would be off-task 25% of the workday due to his substance use. R. 65 ("Due to [Plaintiff's] substance abuse issues however, he is frequently off task . . . . As such, Plaintiff would be expected to be off task up to 25% of the workday."). Given the ALJ *expressly* connected Plaintiff's off-

4

task time to his substance use, Plaintiff's insistence additional explanation is needed as to why the ALJ found no off-task time in the absence of substance use is unpersuasive. Dkt. No. 23 at 5. The ALJ correctly determined Plaintiff's substance abuse is material to a finding of disability, and substantial evidence supports the ALJ's determination as to how substance abuse would impact Plaintiff's RFC. While Plaintiff may disagree with the ALJ's conclusion, the ALJ provided an explanation—the lack of substance abuse—and the explanation is supported by substantial evidence.

Plaintiff argues the evidence he has pointed to regarding his limitations when sober undermine the ALJ's conclusions. Id. at 6. However, the inquiry is not whether evidence could support the ALJ reaching a different conclusion. As long as the ALJ's decision is supported by substantial evidence, it must be affirmed, even if the evidence preponderates against the ALJ's findings. Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1314 (11th Cir. 2021) (quoting Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Other than pointing to some evidence that contradicts the ALJ's decision, Plaintiff's arguments regarding the lack of substantial evidence on this issue are conclusory. Accordingly, Plaintiff's Objections to the Magistrate Judge's conclusion that the ALJ did not err in

5

determining the materiality of his substance abuse and his RFC are **OVERRULED**.

### III. The Court Will Not Address Plaintiff's Arguments on the Constitutionality of the Commissioner's Decision

As for Plaintiff's argument on the constitutionality of the Commissioner's decision, Plaintiff failed to raise any related argument prior to filing his Objections. See Dkt. Nos. 16, 20. A court need not consider Plaintiff's newly raised arguments, as he failed to present any such argument in his briefing to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir.2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so).

Plaintiff states he did not raise an argument related to the constitutionality of the Commissioner's decision because the authority he relied on occurred after the briefing. Dkt. No. 23 at 7. This explanation is not compelling. Although Plaintiff filed the Notice for Supplemental Authority, he provided no argument with that Notice. Additionally, Plaintiff did not ask for leave of Court to provide supplemental briefing, despite having a six-month window to do so. Thus, the Court declines to

6

address Plaintiffs' newly raised argument.[2]  Accordingly, this Objection is also **OVERRULED**.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections.  The Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___7___ day of ___March___, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Even if the Court were to consider the argument, it would fail. Plaintiff has failed to show any connection between the purportedly unconstitutional removal provision and the ALJ's decision or the Commissioner's position in this case.

7

AO 72A
(Rev. 8/82)